# IN THE COURT OF APPEALS OF IOWA

No. 23-0834
Filed December 18, 2024

**RODNEY FITZGERALD JACKSON,**
   Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
   Respondent-Appellee.
_____

   Appeal from the Iowa District Court for Woodbury County, Tod Deck, Judge.

   Rodney Jackson appeals from an order granting summary disposition of his application for postconviction relief. **AFFIRMED.**

   Richard Hollis, Des Moines, for appellant.

   Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee State.

   Considered by Tabor, C.J., Badding, J., and Danilson, S.J.*

   *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**DANILSON, Senior Judge.**

Rodney Jackson appeals the summary disposition order denying his application for postconviction relief (PCR) following the State's motion for summary judgment. We affirm.

## I.  *Background Facts and Prior Proceedings*

Jackson pled guilty to serious assault, a serious misdemeanor, for physically attacking a woman after the two exited a public bus. Jackson filed an appeal but voluntarily dismissed that appeal.

He later brought a PCR action claiming he pled guilty under duress and was actually innocent. The PCR court denied his application. He appealed, and a panel of court affirmed. *See generally Jackson v. State*, No. 21-0140, 2022 WL 951191 (Iowa Ct. App. Mar. 30, 2022). The panel did not reach the merits of Jackson's duress claim, concluding that he should have brought his duress claim through a motion in arrest of judgment or explained why he failed to do so as he did not claim that his plea counsel was ineffective. *Id.* at *1–2. The panel also rejected his actual-innocence claim. *Id.* at *2.

Jackson then initiated this PCR action.[1] In his pro se application, Jackson claimed his "appointed counsel deprived [him] of his constitutional rights under the 14th Amendment equal protection clause where the appointed counsel allowed [him] to waive his rights. Appointed counsel failed to file an arrest[] of judgment." He stated that he "believe[d] that this appointed counsel action was ineffective

---

[1] Jackson initiated another PCR action prior to the instant action, but it was dismissed less than a month later because Jackson failed to identify the underlying criminal file.

assistance of counsel." The PCR application form prompted Jackson to provide "[f]acts supporting [the] application within [his] personal knowledge." The form also prompted Jackson to list "documents, exhibits, affidavits, records, or other evidence supporting this application [that] are attached to the application." In response to both prompts, Jackson wrote down "see case # SRCR 105206"—the case number of the underlying criminal proceedings.

The State filed a motion for summary judgment. At the hearing on the motion, Jackson's counsel clarified that Jackson intended to claim that his first PCR counsel was ineffective for failing to argue that his plea counsel was ineffective. The PCR court then permitted Jackson's counsel to question him. Counsel inquired, "[D]o you want to at this stage answer some of my questions . . . as to what your claims are ultimately going to be?" Jackson responded, "Later because I'm not prepared for it."

The PCR court granted the State's motion for summary judgment. Jackson appeals.

## II.     Standard of Review

We typically review the summary disposition of PCR applications for legal error. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). "However, our review is de novo when the basis for [PCR] implicates a constitutional violation." *Id.* And "PCR applications alleging ineffective assistance of counsel raise a constitutional claim." *Id.*

## III.    Discussion

A PCR court "may grant a motion . . . for summary disposition . . . , when it appears from the pleadings, depositions, answers to interrogatories, and

admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Iowa Code § 822.6 (2022). This language is consistent with Iowa Rule of Civil Procedure 1.981, which governs motions for summary judgment in a civil proceeding. Accordingly, "[w]e apply our summary judgment standards to summary disposition of [PCR] applications." *Linn*, 929 N.W.2d at 730 (quoting *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018)).

Once an application for summary disposition is made, the resisting "party may not rest upon the mere allegations or denials in the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Iowa R. Civ. P. 1.981(5). This requires the resisting party "to go beyond generalities" and provide "specific facts[,] which constitute competent evidence showing a *prima facie* claim." *Feeback v. Swift Pork Co.*, 988 N.W.2d 340, 348 (Iowa 2023) (quoting *Slaughter v. Des Moines Univ. Coll. Of Osteopathic Med.*, 925 N.W.2d 793, 808 (Iowa 2019)).

With these standards in mind, we turn our focus to Jackson's PCR action. His PCR application broadly asserted that "counsel was ineffective." Ineffective-assistance-of-counsel claims require the applicant to establish (1) that counsel breached an essential duty by a preponderance of the evidence and (2) that prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The applicant must be able to establish both elements to be successful. *Id.*

First, we note that Jackson's application made no mention of his first PCR counsel or claimed that first PCR counsel was ineffective. However, he clarified at the hearing that he intended to claim that first PCR counsel was ineffective. Yet

Jackson never provided any specific facts or evidence that could support either element of an ineffective-assistance claim. When given an opportunity to verbally identify his specific claims, Jackson could not. He stated that he was "not prepared" to do so.

Second, while Jackson urges us to consider his PCR application as an affidavit sufficient to generate a question of material fact because he "certif[ied] under pains and penalty of perjury and pursuant to the laws of the State of Iowa that the information [he] provided in th[e] application is true and correct," it does not generate a material fact question. The application only contained Jackson's broad assertion of ineffective assistance and notations to "see case # SRCR 105206." It does not identify any specific evidence or specific facts to support his claim. It is not the job of the PCR court or this court to comb the record of Jackson's criminal case file in search of facts or evidence to support his claim. That is his responsibility as the PCR applicant.

Jackson argues that he is entitled to an evidentiary hearing to present facts and evidence to establish his ineffective-assistance claim. But he had that opportunity following the State's motion. "Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a nonmoving party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Feeback*, 988 N.W.2d at 348 (cleaned up). Jackson simply failed to avail himself of the opportunity. As such, there is no evidence supporting Jackson's claim to generate a fact question and overcome the motion for summary judgment.

*IV.*     *Conclusion*

Because Jackson presented no evidence to generate a question of material fact, the PCR court correctly granted the State's motion for summary judgment and entered summary disposition denying Jackson's PCR application.  We have given due consideration to all of Jackson's appellate arguments, including those not specifically discussed herein, and find them to be without merit.[2]  We affirm the PCR court's entry of summary disposition denying Jackson's PCR application.

**AFFIRMED.**

---

[2] We note that the extent that Jackson tries to raise an actual-innocence claim in his appellate brief, this court previously rejected Jackson's actual-innocence claim. *Jackson*, 2022 WL 951191, at *2.